IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT JOHN CARRIER, # K0013                                                                PETITIONER

VERSUS                                                       CIVIL ACTION NO. 5:16cv51-DCB-JCG

STATE OF MISSISSIPPI                                                                         RESPONDENT

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Petitioner Robert John Carrier is incarcerated with the Mississippi Department of Corrections. He filed this habeas action on June 8, 2016.

The next day the Court ordered Petitioner to either pay the $5.00 filing fee or file an application to proceed *in forma pauperis* by June 30, 2016. On June 27, 2016, Petitioner filed an application [3], but it was incomplete. On July 15, the Court entered an Order to Show Cause [5], requiring Petitioner to either pay the filing fee, file a completed application to proceed *in forma pauperis*, or to show cause, by July 29, why the case should not be dismissed for failure to prosecute and obey an Order [2] of the Court. When Petitioner still did not comply, the Court entered a Second Order to Show Cause [8], directing Petitioner to show cause by September 7, why this case should not be dismissed for failure to obey the Court's Orders.

All Orders [2, 5, 8] were sent to Petitioner's address of record, and they were not returned as undeliverable. To date he has not complied. The Court has warned him that failure to comply may lead to the dismissal of his Petition. 2d Order to Show Cause [8] at 2; Order to Show Cause [5] at 1; Order [2] at 1. It is apparent from his failure to comply that Petitioner lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the petitioner's failure to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Respondent has never been called upon to respond to the Petition nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the   26th   day of September, 2016.

    s/David Bramlette
UNITED STATES DISTRICT JUDGE